UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROYCE PRUITT,

    Plaintiff,

    v.       CAUSE NO. 3:25-CV-366-JD-JEM

LACHANNA STEWART, SMITH, N ANGLE, C ERTEL,

    Defendants.

OPINION AND ORDER

Royce Pruitt, a prisoner without a lawyer, filed a somewhat vague and confusing complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Pruitt alleges that he was retaliated against for exercising his First Amendment rights. To state a First Amendment retaliation claim, an inmate must allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to

take the retaliatory action." *Whitfield v. Spiller*, 76 F.4th 698, 707–08 (7th Cir. 2023) (citation omitted).

On November 1, 2024, Pruitt filed a Prison Rape Elimination Act, 34 U.S.C. §§ 30301–09 ("PREA") complaint against C/O Smith. On November 8, 2024, Unit Team Manager N. Angle issued a negative work evaluation that led to Pruitt's termination. Additionally, Lachanna Stewart, RN, issued a conduct report asserting that Pruitt Interfered with Staff. It is unclear when this report was issued or if it is related to the negative work evaluation. In the conduct report, Stewart explained that inmates cannot be in restricted medical areas without staff consent. Pruitt contends that he was only carrying out a direct order by custody staff. On January 2, 2025, Pruitt was found not guilty of the conduct violation.

Filing a PREA complaint is protected First Amendment activity, and the retaliatory acts alleged by Pruitt – termination and a false conduct report - would likely deter someone from engaging in future First Amendment Activity. So, to state a claim, Pruitt needs to plausibly allege that his First Amendment activity was a motivating factor for the alleged retaliatory actions. Here, Pruitt does not explain why he believes the PREA complaint he filed had anything to do with either U.T.M. Angel's work evaluation or Nurse Stewart's conduct charge. He does not allege that C/O Smith took any adverse action against him. And, it is unclear what role C. Ertel played in the alleged retaliation or why Pruitt is suing him. Pruitt has not pled facts from which it can be plausible inferred that any defendant named in this action retaliated against him

2

because he exercised his First Amendment rights by bringing a PREA complaint against C/O Smith on November 1, 2024.

Pruitt also represents that, pursuant to IDOC policy, he should not have been terminated for the pending conduct violation, and he should have received backpay once cleared of the violation. "However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices." *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003).

The complaint is full of legal phrases but short on facts, dates, and specifics about what happened and why Pruitt believes there is a connection between the actions of the defendants. Based on what it does say, it is not plausible to infer that his rights were violated. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in

the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim for which relief can be granted. If Pruitt believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Royce Pruitt until **March 20, 2026**, to file an amended complaint; and

(2) CAUTIONS Royce Pruitt if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on February 17, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

4